**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALTON MATTHEWS, *et al.*, *on behalf of* :
*themselves and all others similarly situated,* :
  :
     *Plaintiffs,* :
  :
v. :
  :
ENVIRONMENTAL AND SAFETY :
SOLUTIONS, INC., :
  :
     *Defendant.* :

Case No. 1:25-cv-537

Judge Jeffery P. Hopkins

---

**ORDER**

---

This matter involves Plaintiffs Alton Matthews and Lidia Mota ("Plaintiffs") and Defendant Environmental and Safety Solutions, Inc. ("Defendant"), and arises under the Fair Labor Standards Act ("FLSA"). In the Complaint, Plaintiffs allege that Defendant misclassified them as independent contractors, and as a result, they were not paid overtime in violation of the FLSA. At this stage, the Parties are asking the Court to issue court-approved notice to Potential Plaintiffs. The Parties are largely on the same page regarding notice; however there are two discrete issues that the parties disagree on and have asked this Court to resolve: (1) issuance of notice by text message and (2) issuance of a reminder notice. The parties filed cross-motions on these issues and both motions are ripe for consideration. Docs. 20, 21.

    **I.**    **LAW AND ANALYSIS**

The Fair Labor Standards Act ("FLSA"), one of the more favorable pieces of legislation passed towards workers in the modern era, requires employers to pay a federal minimum wage and overtime to certain non-salaried employees. 29 U.S.C. §§ 206(a), 207(a).

Employees seeking relief as plaintiffs may litigate alleged violations of the FLSA on "behalf of . . . themselves and other employees similarly situated." *Id.* § 216(b). Those other employees may become a party to such an action only if they consent in writing. *Id.* Other employees come to learn about the FLSA suit through court-approved notice, which is at the heart of the issues here.

Though they have come to mutual agreement on most matters regarding notice, the Parties have reached an impasse regarding two specific issues. First, whether notice should be distributed by text message in addition to U.S. mail and email. Second, whether a reminder notice should be distributed 30 days after the initial notice is sent to individuals who have not opted into the case. Plaintiffs advocate in favor of both notice by text message and a reminder notice. Docs. 20, 22. Defendants oppose both measures. Docs. 21, 23.

### A.  Notice by Text Message

Courts have broad discretion in deciding how notice and consent forms are to be distributed. *Hogan v. Cleveland*, 690 F. Supp. 3d 759, 780 (S.D. Ohio 2023). "Typically, courts 'approve only a single method for notification unless there is reason to believe that method is ineffective.'" *Id.* (quoting *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017)). The trend, however, by courts in the Southern District of Ohio is to permit two methods of notice: U.S. mail and email. *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (collecting cases).

Consistent with that trend, the Parties have agreed to distribute notice by U.S. mail and email. Plaintiffs, however, urge the Court to permit a third method: text message. Plaintiffs say that U.S. mail and email may be ignored or overlooked and text message would be most effective. Doc. 20, PageID 129–30. Defendants oppose this third method on the bases

that U.S. mail and email are sufficient, text-message notice is disfavored in this District, and text-message notice is invasive and raises privacy concerns. Doc. 21, PageID 149–50. In an effort to resolve this issue extra-judicially, Defendant proposed a compromise: "allowing text-message notice if the initial notice by mail or email was returned undeliverable." *Id.* at PageID 147. Plaintiffs declined to agree. *Id.* Thus, this issue has been presented to this Court to decide.

The trend in the Southern District of Ohio—historically and in recent years—is to decline to allow issuance of notice by text message. *Lott v. Recker Consulting, LLC*, No. 1:23-cv-489, 2024 WL 4694099, at *11 (S.D. Ohio Nov. 6, 2024) (collective cases); *Hogan*, 690 F. Supp. 3d at 780–81; *Hall*, 299 F. Supp. 3d at 899–900. Though Plaintiffs are correct that text-message notice has been permitted in this District in some cases, it is clear that in the majority, if not all, of those cases, courts have approved notice by text message only when not opposed by the defendant or under circumstances where other measures proved ineffective. *Butler v. Vill. Caregiving, LLC*, No. 2:22-cv-4359, 2024 WL 5691431, at *4 (S.D. Ohio July 10, 2024) (permitting notice by text where the defendant did not oppose such notice and such notice was appropriate only if the defendant did not provide the mail or email address for the potential member or if email was undeliverable); *Jenkins v. EVO Servs. Grp., LLC*, No. 2:23-cv-01874, 2023 WL 8185965, at *3 (S.D. Ohio Nov. 27, 2023) (permitting notice by text where the defendant did not oppose such notice and only if the defendant did not provide an email address for a potential member or if the email was undeliverable). Because there are no extenuating circumstances that would justify departing from the routine procedure adopted by judges in this District, the Court finds that text-message notice is not appropriate as a blanket measure. *Lott*, 2024 WL 4694099, at *11 ("Indeed, to avoid badgering potential plaintiffs, most courts in this district decline to allow notice via text message unless other

methods of notice prove ineffective."). However, in light of Defendant's prior proposed compromise relative thereto, the Court will permit text-message notice *only* if the initial notice by mail or email is returned undeliverable.

### B. Reminder Notice

Next, Plaintiffs ask the Court to permit them to send a reminder notice 30 days after the initial notice is sent to individuals who have not opted into the case. Doc. 20, PageID 128. Plaintiffs assert that "[s]ending a reminder notice with a consent form helps further the FLSA's broad remedial purposes by ensuring that all persons who are interested in joining the case do so within the prescribed time-period." *Id.* Defendant disagrees and asks the Court to reject Plaintiffs' request because in its view, "reminder notices are unnecessary and risk crossing the line from notification to solicitation." Doc. 21, PageID 150. Thus, this too is an issue that the Parties have asked the Court to resolve. Whether a court should permit a reminder notice to be sent to potential opt-in plaintiffs in a FLSA case is discretionary. *Pender v. Flying S. Wings*, 661 F. Supp 3d 751, 761 (S.D. Ohio 2023).

Similar facts to those here were before the Court in *Lott*. There, the court declined to permit the plaintiffs to send a reminder email 30 days after notice was issued to anyone who did not respond. *Lott*, 2024 WL 4694099, at *11. Rejecting the request, the court explained:

> While it is true that notice should advise potential plaintiffs of the existence of a lawsuit, courts must be careful not to encourage those potential plaintiffs to participate. *Hall*, 299 F. Supp. 3d at 900. Sending a reminder notice closely toes that line because, as other courts have recognized, duplicative notice "may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement" of the claims. *Hardesty v. Kroger, Co.*, No. 1:16-cv-298, 2016 WL 3906236, at *2 (S.D. Ohio July 19, 2016) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 168–69 (1989)).

*Id.* Other courts in this District have reached the same conclusion. *See, e.g., Albert v. Honda Dev. & Mfg. of Am., LLC*, 752 F. Supp. 3d 869, 883 (S.D. Ohio 2024); *but see Pender*, 661 F.

4

Supp. 3d at 761–62 (permitting a reminder notice that included a statement aimed at mitigating any suggestion of court endorsement, but noting that the defendant did not object to the reminder notice). The Court sees no reason to depart from that determination here. No reminder notice will be permitted.

## II.     CONCLUSION

For the reasons stated, Defendant's Motion (Doc. 21) is **GRANTED** and Plaintiffs' Motion (Doc. 20) is **DENIED** as to the issues pertaining to notice by text message and the reminder notice. The Court will defer a decision on court-approval until the parties submit a joint motion regarding issuance of notice, including the content and form of the proposed notice and consent form, consistent with the Parties' prior agreements and the terms of this Order. The parties are **ORDERED** to submit a joint motion within 21 days.

**IT IS SO ORDERED.**

June 4, 2026

Jeffery P. Hopkins
United States District Judge