**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALTON MATTHEWS, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ENVIRONMENTAL AND SAFETY SOLUTIONS, INC.,<br><br>*Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:25-cv-537<br><br>Judge Jeffery P. Hopkins |

## ORDER AUTHORIZING FLSA NOTICE

Plaintiffs Alton Matthews and Lidia Mota (collectively, "Plaintiffs"), on their own behalf and on behalf of those similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), 207(a) against Defendant Environmental and Safety Solutions, Inc. Plaintiffs allege that Defendant misclassified them as independent contractors, and as a result, they were not paid overtime in violation of the FLSA. Doc. 1. Plaintiffs and Defendant are now before the Court on a Joint Motion for Approval of Proposed Stipulated Order Authorizing Notice to Potential Party Plaintiffs (Doc. 25).

### I. LAW AND ANALYSIS

The Fair Labor Standards Act ("FLSA") is one of the more progressive pieces of legislation enacted during the twentieth century to support the wages, hours, and working conditions of average American workers; among other items, it requires employers to pay a federal minimum wage and overtime to certain non-salaried employees. 29 U.S.C. §§ 206(a), 207(a). Employees seeking relief as plaintiffs may litigate alleged violations of the FLSA on "behalf of . . . themselves and other employees similarly situated." *Id.* § 216(b). Those other

employees may become a party to such an action only if they consent in writing. *Id.* Other employees come to learn about the suit through court-approved notice. Such notice is now before the Court here.

The Sixth Circuit has offered some guidance as to the scrutiny required for court-approved notice to issue. "To the extent practicable, [] court-approved notice of the suit should be sent only to employees who are in fact similarly situated." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). So "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. And to align with the dictates of *Clark*, the showing must be "greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.*

Deciding whether employees are "similarly situated" may depend on whether they "performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were" or whether "other employees are subject to individualized defenses—such as an employee's agreement to arbitrate a claim." *Clark*, 68 F.4th at 1010. Plaintiffs are, for example, similarly situated when "'unified by common theories of defendants' statutory violations,' such as 'a single, FLSA-violating policy.'" *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-cv-4389, 2023 WL 5352509, at *3 (S.D. Ohio Aug. 21, 2023) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)).

In the Joint Motion, the Parties ask the Court to approve notice to this group of individuals:

> An hourly paid Safety Consultant who was engaged by Defendant as an "independent contractor," and who was not compensated at time-and-one-half

> of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks from August 1, 2022, to the present.

Doc. 25-2, PageID 192. The Court is satisfied that Plaintiffs have shown a strong likelihood that members of the proposed collective would be similarly situated. This conclusion is supported by the fact that Plaintiffs allege "the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies" to all Safety Consultants within that defined group. Compl., Doc. 1, ¶ 64; *Gifford*, 2023 WL 5352509, at *3. Defendant allegedly "required each of its Safety Consultants to execute purported 'Independent Contractor Agreements,'" and then did not compensate these individuals overtime wages when they worked more than forty hours per week. Compl., Doc. 1, ¶¶ 56–61. As alleged, the policy or practice did not depend on the personal circumstances of Plaintiffs or those in the proposed collective. *Id.* ¶ 64. By all accounts, individuals in the proposed collective are those "whose causes of action accrued in approximately the same manner as those of the named plaintiffs," thus rendering them similarly situated. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011). Because Plaintiffs have shown a strong likelihood that the potential opt-in plaintiffs are similarly situated, the Court **APPROVES** issuance of notice. The Court further **APPROVES** the form and substance of the proposed Notice and Consent Form (Doc. 25-2).

## II. CONCLUSION

Accordingly, the Court finds that the Parties' Joint Motion for Approval of Proposed Stipulated Order Authorizing Notice to Potential Party Plaintiffs (Doc. 25) should be **GRANTED**. The Court therefore **ADOPTS** the Parties' Stipulated Order Authorizing Notice to Potential Party Plaintiffs (Doc. 25-1) and **ORDERS** as follows:

1. The Court authorizes the Notice of Lawsuit and Opportunity to Join ("Notice") and Consent to Become Party Plaintiff and be Represented by Morgan & Morgan P.A. ("Consent Form") attached to the Joint Motion for Approval of Proposed Stipulated Order Authorizing Notice to Potential Party Plaintiffs as Exhibit B (Doc. 25-2).

2. The Court authorizes Plaintiffs' Counsel to send the Notice and Consent Form to individuals meeting the definition contained in Section 1 of the Notice ("Potential Plaintiffs") via U.S. Mail and/or email.

3. Within 10 days of this Order, Defendant shall produce to Plaintiffs, in electronic format, the names and last known mailing and email addresses of all individuals meeting the definition in Section 1 of the Notice within the three-year period prior to the date this Order is entered.

4. Within 10 days of Plaintiffs' Counsel receiving the Potential Plaintiffs' contact information, Plaintiffs' Counsel shall distribute the Notice and Consent Form by U.S. Mail and email ("Mailing Date"). Plaintiffs' Counsel shall notify Defendant's counsel on the Mailing Date that the Notice and Consent Form have been distributed to Potential Plaintiffs.

5. If the initial Notice by U.S. mail or email is returned as undeliverable, Plaintiffs shall distribute the Notice and Consent Form by text message. Within two (2) days of Plaintiffs' counsel notifying Defendant that a Notice was returned as undeliverable, Defendant shall produce to Plaintiffs' counsel the telephone number of the intended class member/recipient so that the Notice can be distributed by text message.

6. Plaintiffs' Counsel, or anyone acting on their behalf, shall not use the information provided by Defendants pursuant to Paragraph 3 of this Order to initiate communication with Potential Plaintiffs during the Notice Period, except for sending the court-authorized Notice. This Order does not prohibit Plaintiffs' Counsel, or anyone acting on their behalf, from engaging in communications with Potential Plaintiffs if such communication is initiated by the Potential Plaintiff.

7. The Court authorizes that Consent Forms may be sent directly to Plaintiffs' Counsel.

8. The deadline for Potential Plaintiffs to consent to join this matter as a plaintiff is 60 days from the Mailing Date ("Opt-in Deadline").

9. Any Potential Plaintiff who wishes to join this matter as a plaintiff must do so by filing a signed Consent Form with the Court, with service to Defendant, no later than the Opt-in Deadline.

10. This Order is provisional in nature and shall not be construed as a final determination that any plaintiff is similarly situated to the named plaintiffs, that the appropriate statute of limitations is three years, or that this matter is otherwise eligible to proceed to trial on behalf of all plaintiffs who opt in.

11. This Order does not preclude Defendant from contesting an individual's eligibility to participate as a plaintiff in this matter or the statute of limitations period applicable to a plaintiff, or from filing an appropriate motion seeking a Court ruling that this matter is not eligible to proceed as a collective action or other dispositive relief.

**IT IS SO ORDERED.**

November 2, 2026

Jeffery P. Hopkins
United States District Judge